```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


DAVID J. FERNANDEZ, ET AL              CIVIL ACTION

VERSUS                                 NO: 04-1993

STATE FARM MUTUAL AUTOMOTIVE           SECTION: "J"(2)
INSURANCE COMPANY, ET AL
```

**ORDER AND REASONS**

This matter was tried to a jury on July 5 and 7, 2005. The jury returned a verdict in favor of plaintiffs as follows:

<u>Thomas A. Hartley</u>:

| | |
|---|---:|
| Past Medicals | $38,282.17 |
| Future Medicals | 6,000.00 |
| Past Loss of Earnings | 15,000.00 |
| Past Pain & Suffering | 6,000.00 |
| Future Pain & Suffering | <u>8,000.00</u> |
| Total Damages: | $73,282.17 |

<u>Sharon Hartley</u>:

| | |
|---|---:|
| Loss of Consortium | $   500.00 |

<u>David J. Fernandez</u>:

| | |
|---|---:|
| Past Medicals | $ 5,226.26 |
| Past Loss of Earnings | 1,000.00 |
| Past Pain & Suffering | 3,000.00 |
| Future Pain & Suffering | <u>2,000.00</u> |
| Total Damages: | $11,226.26 |

The only claims tried to the jury were plaintiffs' claims for uninsured motorist benefits under a policy of liability insurance issued by defendant New Hampshire Insurance Company to East Jefferson General Hospital as owner of the ambulance in which Mr. Hartley and Mr. Fernandez were riding at the time of the accident. Hartley and Fernandez were EMT's employed by East Jefferson. Because they were injured in the course and scope of their employment, plaintiffs' medical bills were paid by East Jefferson's workers compensation policy. Prior to trial, State Farm, as the liability insurer of the tortfeasor, Tina Thibodeaux, paid out its $10,000/$20,000 policy limits. Of the aggregate amount of $20,000, a total of $10,000 was paid to Hartley, and $8,500 was paid to Fernandez. The remaining $1,500 was apparently paid to a third party not involved in this lawsuit. In turn, Hartley paid back the $10,000 to East Jefferson in reimbursement of medical expenses previously paid. Fernandez paid back $5,226 to East Jefferson, in full reimbursement of medical bills paid on his behalf.

Also, prior to trial, New Hampshire made an unconditional tender of $41,000 to Mr. Hartley.[1]

The question before the Court is what credits or offsets should be applied to the jury's verdict in order to calculate the proper amounts to be included in a final judgment. The U/M insurer is obviously entitled to a credit for the payments made to or on behalf of plaintiffs by the tortfeasor or her insurer. In this instance, New Hampshire is entitled to credits of $10,000 in the case of Mr. Hartley and $8,500 in the case of Mr. Fernandez. New Hampshire is also entitled to credit for the unconditional tender of $41,000 it previously paid to Mr. Fernandez.

The jury found the tortfeasor, Tina Thibodeaux, to be 90% at fault, and the driver of the EJGH ambulance, Mr. Fernandez, to be 10% at fault. Accordingly, under applicable Louisiana law, the U/M carrier is liable for 90% of the damages sustained[2] — less any applicable credits or offsets. Therefore, the jury's verdict must be reduced by 10% before the credits are applied.

In addition to the credits outlined above, New Hampshire contends that plaintiffs are not entitled to recover any of their past medical expenses under the U/M policy because these expenses

---

[1] *McDill v. Utica Mut. Ins. Co.*, 475 So. 2d 1085 (La. 1985).

[2] LA. CIVIL CODE ANN. art. 2324(B)(1997).

3

were paid by the EJGH compensation carrier.  New Hampshire relies on policy language providing that its U/M insurance does not apply to the "direct or indirect benefit of any insurer or self-insurer under any Workers Compensation, disability benefits or similar law."  In support of its argument, New Hampshire cites two Louisiana intermediate appellate court cases to the effect that such a policy provision means that a plaintiff cannot recover against the U/M carrier for amounts paid by the workers compensation carrier.[3]  In other words, New Hampshire argues, the plaintiffs cannot receive "double recovery."

But, the policy language relied upon by New Hampshire does not preclude plaintiffs from recovering the full extent of their damages.  Instead, the provision only precludes the workers compensation insurer or self-insured employer from any "direct or indirect benefit" under the U/M policy.  In this case, EJGH or its compensation carrier have not intervened in plaintiffs' suit, and have not otherwise sought to recover under the U/M policy.  It is difficult to see how allowing plaintiffs to recover their full damages will benefit the workers compensation carrier or the employer under the circumstances of this case.  Moreover, it is not

---

[3] *Boyd v. Moran*, 03-0361 (La. App. 4 Cir. 9/17/03), 857 So. 2d 1060; *Molony v. U.S. Auto. Assoc.*, 96-1747 (La. App. 4 Cir. 11/6/96), 683 So. 2d 891.

4

clear that a true "double recovery" will result. Both plaintiffs reimbursed part or all of their respective medical expenses to EJGH when they settled their claims against the tortfeasor's insurer, State Farm.

For these reasons, the Court finds that plaintiffs are entitled to recover against New Hampshire in accordance with the jury's verdict, less the reductions and credits set forth above. After reducing the jury's verdict by 10% for comparative fault, and applying the credits for both the underlying liability insurance payments and the unconditional tender, Thomas Hartley is entitled to recover the net amount of $14,953.95; Sharon Hartley is entitled to recover the net amount of $450; and, David Fernandez is entitled to recover the net amount of $1,603.63.

New Orleans, Louisiana this the 23rd day of August, 2005.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE